CROSSETT v. CARLETON.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

CONTRACTS—REQUISITES—TELEGRAMS.

Plaintiff's assignors telegraphed to defendant: "At what price can you supply * * * one million standard Calcutta wheat bags? * * *" Defendant telegraphed in reply: "Calcutta offers, subject to immediate reply, one million centals [meaning Calcutta wheat bags, size 36x22, weigh-

ing 12 ounces], * * * 3 92/100 cents, net cost, and freight. Must have a confirmed banker's credit on London, four months' sight. Subject to reply * * * to-day. * * *" On the same day, plaintiff's assignors accepted said offer, as follows: "We accept, for our account, one million standard Calcutta bags, size twenty-two by thirty-six, weight twelve ounces, as per your telegram to-day. Wire us, confirming this, and naming your correspondent in Calcutta, and instruct us regarding credit." *Held,* that the telegrams set forth a complete contract between defendant personally and plaintiff's assignors.

Appeal from special term.

Action by Frederick M. Crossett against I. Osgood Carleton. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

The complaint alleges that on the 7th of January, 1897, the plaintiff's assignors telegraphed the defendant, trading under the name of Carleton & Moffat, as follows:

"Carleton & Moffat, New York: At what price can you supply, C., F., I. [meaning cost, freight, and insurance], June, July delivery, one million standard Calcutta wheat bags? Terms, notes payable 1st day of November, 1st day of December; interest to begin 1st day of July. E. L. G. Steele & Company."

That in reply thereto the defendant telegraphed the said assignors as follows:

"E. L. G. Steele & Co., San Francisco: Calcutta offers, subject to immediate reply, one million centals, [meaning Calcutta, wheat, bags, size 36x22, weighing 12 ounces], March, April shipment, steamer, 3 92/100 cents, net cost, and freight. Must have a confirmed banker's credit on London, four months' sight. Subject to reply by five p. m. here to-day Thursday. Carleton & Moffat."

And that on the same day the plaintiff's assignors accepted said offer by replying as follows:

"Carleton & Moffat, 132 Front street, New York: We accept, for our account, one million standard Calcutta bags, size twenty-two by thirty-six, weight twelve ounces, as per your telegram of to-day. Wire us, confirming this, and naming your correspondent in Calcutta, and instruct us regarding credit.                   "E. L. G. Steele & Co."

The complaint further alleges that said telegram of acceptance was received by the defendant before 5 p. m. on said 7th day of January, 1897, and that said E. L. G. Steele & Co., the plaintiff's assignors, were prepared to give such banker's credit as the defendant should require; that the said firm of Steele & Co. were, and have been, willing to carry out the terms of said contract; and that on January 8, 1897, the defendant declined to fulfill said contract, and declined all liability on account of the offer made by him on the previous day. On the 12th day of March, 1897, Steele & Co. assigned their claim, for a valuable consideration, to the plaintiff, who is the sole, exclusive, owner, and holder of said claim. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained; and from the interlocutory judgment thereafter entered this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. S. Van Duzer, for appellant.
R. Burnham Moffat, for respondent.

O'BRIEN, J. The plaintiff insists that the telegrams set forth in the complaint was a completed contract between the parties, whereby the defendant offered to sell to the plaintiff's assignors 1,000,000 centals (that is, Calcutta wheat bags of a certain capacity); and that such offer was accepted. The defendant insists that the telegrams

do not support any such contention. The inquiry of the plaintiff's assignors, contained in the first telegram, is clear. It is, "At what price can you supply * * * June, July delivery, one million standard Calcutta wheat bags?" This inquiry was, beyond doubt, directed personally to the defendant. The telegram sent by the defendant in answer says, "Calcutta offers * * * one million centals." It is insisted by the defendant that the fair reading of this telegram was that it was an offer made, not by him, but by somebody else, which he transmitted. As will be seen, the question turns upon the construction of the phrase "Calcutta offers." We think it would be straining the language used to assume that such phrase meant that somebody in Calcutta offered to sell. The more reasonable and natural view to take would be that, the plaintiff's assignors having asked the defendant if he would sell, the words "Calcutta offers," as used by the defendant, mean that, "From advices received from Calcutta, we offer you;" and then follow the terms which are different from the offer. This answer is signed, not by the defendant as agent, but in his firm name, and presumably, therefore, in his personal, and not in any representative, capacity. That this is a reasonable construction follows from the fact that the plaintiff's assignors were not asking the defendant what he could obtain from Calcutta, but the inquiry was what "you" (meaning the defendant personally) would sell the bags for. Before answering the telegram, it might well be that the defendant needed advices from Calcutta as to the terms upon which he could get the bags, which would fully explain the phrase used, "Calcutta offers." It will also be noted that in his telegram the defendant requested an answer by 5 p. m. The only purpose of requesting that answer was to have the contract completed. There was no one suggested to whom the plaintiff's assignors could direct their answer, except to the defendant, and it was entirely immaterial from whom the bags were obtained, provided they were of the proper standard; but, as the bags were undoubtedly to come from Calcutta, the price and time of shipment from that place were important. To hold that these telegrams did not make a contract would necessarily assume that the reply which the defendant required was with no intention of binding either himself or anyone else, because there is no suggestion of a dealing between the plaintiff's assignors and any person except the defendant. The latter does not intimate that he was acting in a representative capacity, or for an undisclosed principal, nor do we think any such inference is to be drawn from the fact that in the confirmatory telegram to the defendant, accepting the latter's offer, we find a request for the defendant to name "correspondent in Calcutta." We think it was an erroneous assumption on the part of the judge below to conclude from this that the senders of the telegram considered that they were dealing with the defendant as an agent, and that it was sent with a view of learning the name of the principal. It must be remembered that the defendant required, among other conditions, "a confirmed banker's credit on London"; and it was necessary for the plaintiff's assignors to know who was to receive this credit, as it was equally proper for them to know the name of the party who was to ship the bags. It would be placing too much importance

upon such language to conclude that it was an inquiry for the name of the defendant's principal, while the telegrams themselves show that all the essential dealings were immediately with the defendant. The plaintiff's assignors were not concerned with the question of how, or from whom, the defendant might obtain the bags; but, having made a contract with him to purchase them, it was, of course, proper that they should have the information, so that they might comply with the terms contained in the defendant's telegram in reference to credit, and the place from which the bags were to be shipped. If, however, the defendant was in fact acting as agent, we think he was still liable for failure to disclose the name of his principal. The general rule is that one who acts as agent for another, in order to release himself from liability, should disclose his principal, because otherwise it would be presumed that he intended to bind himself personally. In other words, it is not the duty of one dealing with an agent to find out whether he is acting in the transaction in that capacity, or as principal; but it is the duty of the agent, if he desires to relieve himself from personal liability, to disclose the name of his principal in the transaction.

The conclusion at which we have arrived, therefore, is that there was a direct inquiry to the defendant, personally, as to the price at which he would sell the bags; that, in reply, the defendant proposed the terms upon which he would sell; and that the final telegram of the plaintiff's assignors was an acceptance of the offer made, and completed the contract. There is nothing in the language, "Wire us, confirming this, and naming your correspondent in Calcutta, and instruct us regarding credit," contained in this telegram, which in any manner left the matter open, or from which the inference can be drawn that the minds of the parties had not met, because what was thereby sought was an acknowledgment of the receipt of the telegram, and the details and method by which the plaintiff's assignors could perform the contract on their part. Such a request was in no sense an addition to the terms of the contract, nor did it change what was an absolute acceptance into a conditional one. We think the fundamental error in the view taken by the court below, upon both theories of the complaint, was in straining to draw inferences against the pleading upon demurrer, rather than to apply the rule, which is firmly settled, of giving to the language employed that interpretation which can be fairly gathered therefrom, and which will sustain, rather than destroy, the pleading.

The judgment should therefore be reversed, with costs, and the demurrer overruled, with costs, but with leave, upon payment thereof, to withdraw the demurrer, and answer, upon payment of costs in this court and court below. All concur.