BEADLESTON & WOERZ, Appellant, *v.* CHARLES R. FURRER, Respondent.

*Pleading — what answer does not allege fraud and misrepresentation inducing the execution of a mortgage — a bill of particulars is not available in its support — oral evidence varying recitals in a mortgage, held to be incompetent.*

In an action brought to recover a judgment for a deficiency arising upon a sale under the foreclosure of a purchase-money chattel mortgage, covering property alleged to have been sold by the plaintiff to the defendant, the answer denied the sale of the property by the plaintiff to the defendant, and for an affirmative defense alleged that the chattel mortgage " was procured to be signed and executed by the defendant by means of fraudulent and false representations of the plaintiff, its agents and servants, made to him, the said defendant, at the time of the execution of said chattel mortgage by the plaintiff, its agents and servants, as aforesaid."

Upon the trial the defendant, over the plaintiff's objection that its purpose was to vary the agreement contained in the chattel mortgage, and also upon the ground that the answer was insufficient to authorize proof of fraud or misrepresentation in procuring the execution of the chattel mortgage, was permitted to give evidence tending to show that the plaintiff's agent represented the mortgage to be a conditional sale of the property which was to be defeated in case the defendant did not remain in the possession of the property or in the event that he purchased beer from any other person than the plaintiff.

*Held,* that the evidence in question was inadmissible for each of the reasons specified in the plaintiff's objection;

That the averments of the answer were insufficient to present the issue of fraud and misrepresentation in procuring the execution of the mortgage, and that the defendant could not have recourse to a bill of particulars served by him for the purpose of enlarging the scope of the defense set up in his answer;

That a bill of particulars may not be resorted to for the purpose of enlarging the grounds of recovery; nor can it be made use of to change the cause of action or enlarge the defense set up in the answer;

That as the mortgage, the execution of which was admitted by the defendant in his answer, contained a recital that the defendant had sold the property to the plaintiff and that he would forever warrant and defend the title thereto, parol evidence to the effect that there had been no sale of the property was inadmissible as tending to vary or change the terms of the written instrument.

APPEAL by the plaintiff, Beadleston & Woerz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of June, 1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of June, 1904, denying the plaintiff's motion for a new trial made upon the minutes.

*Moses Weinman,* for the appellant.

*William A. Walsh,* for the respondent.

HATCH, J. :

This action was brought to recover a judgment for a deficiency arising upon a sale under the foreclosure of a chattel mortgage. The complaint avers that on or about the 16th day of November, 1900, the plaintiff sold and delivered the property covered by the chattel mortgage to the defendant for the agreed price of $800 and that the mortgage was executed upon such property as collateral security for the purchase price; that default was made in the payment of interest and principal secured to be paid by the mortgage, when the same was foreclosed and the property sold at a public sale, and after deducting costs and expenses of the sale and applying the same, there remained a deficiency of $675.47, for which sum judgment is demanded, with costs.

The answer put in issue the sale of the property by the plaintiff to the defendant by specific denial. For an affirmative defense it admitted the execution of the chattel mortgage averred in the complaint, " but alleges in relation thereto that said chattel mortgage is wholly void for want of consideration, and that said chattel mortgage was procured to be signed and executed by the defendant by means of fraudulent and false representations of the plaintiff, its agents and servants, made to him, the said defendant, at the time of the execution of said chattel mortgage by the plaintiff, its agents and servants, as aforesaid." The answer further denied the existence of any indebtedness. Upon the trial the plaintiff produced and proved the chattel mortgage and the sale which was had thereunder, the costs and expenses of the foreclosure, the amount of the bid, and rested. The defendant thereupon sought to prove conversations had with an agent of the plaintiff prior to the execution of the chattel mortgage. Plaintiff objected to such proof upon the ground, among others, that its purpose was to vary the agreement contained in the chattel mortgage, and also upon the ground that the answer was insufficient to authorize proof of fraud or misrepresentation in procuring the execution of the chattel mortgage. The court overruled the several objections which were taken, to

which the plaintiff excepted. Evidence was then given tending to show that the plaintiff's agent represented the mortgage to be a conditional sale of the property which was to be defeated in case he did not remain in possession of the property or in the event that he purchased beer from any other person than the plaintiff. The admission of this evidence constituted error. The answer is insufficient in its averments to set up the defense of fraud and misrepresentation in procuring the execution of the mortgage. (*Brackett* v. *Griswold*, 112 N. Y. 454; *Cohn* v. *Goldman*, 76 id. 285.) Upon the argument of this case it was claimed that even though the answer was bad as averring fraud and misrepresentation, yet that such was not the issue submitted to the jury and that any claim of fraud in the transaction was entirely eliminated; that the real question submitted to the jury and upon which a verdict was rendered was as to whether a sale of the property was in fact made to the defendant, and that, therefore, the admission of this testimony was harmless. It is true that the issue as to whether there was a sale of the property or not was submitted to the jury, but the court did not stop here, for in the submission a juror asked, "Does the law say that whatever I sign for I shall have to stand by the consequences of that, that is, this defendant having signed that, whether he knew what he was signing or whether he read it over or not, is he responsible for the consequences — the legal consequences? The Court: The defendant claims that what that paper shows was misrepresented to him; that it was not what it was represented to him to be; and if that is so, if you find that is so, why then he would not be bound by its provisions, I charge you. But you have got to find that from all the evidence submitted." And again: "Mr. Walsh: One request I wish your Honor to charge: That we have a right to show we never signed the chattel mortgage; that we were misled. The Court: You take whatever evidence there is before you and give it such weight as you think it is entitled to." The plaintiff's counsel asked the court to charge: "That so far as the defense of misrepresentation and fraud is concerned the burden is upon the defendant to satisfy the jury. The Court: Yes, as to that I charge that." The court then charged that there were only two defenses attempted in the case. "*One*, that there was no consideration for this mortgage; *secondly*, that

the defendant was induced by fraud to sign it." It is clear, therefore, that the issue of fraud and misrepresentation was not only the subject of evidence upon the part of the defendant, but such issue was submitted to the jury upon the evidence as received. As this issue was not presented by the answer, the ruling of the court and the charge to the jury constituted reversible error. In this connection the defendant was not aided by the bill of particulars which he served respecting the false and fraudulent representations which it was claimed were made. A bill of particulars may not be resorted to to enlarge the grounds of recovery; nor can it be made use of to change the cause of action or enlarge the defense set up in the answer. It was equally erroneous to permit proof to be given showing that there was no sale of the property by the plaintiff to the defendant.

In this connection the answer admitted the execution of the chattel mortgage, as such, and the evidence of the defendant supported such admission. The chattel mortgage recites that the defendant had bargained and sold the property and that he "will forever warrant and defend the right, title and interest" of the plaintiff in the goods thus sold. The mortgage is in the usual form, contains the defeasance clause for the reversion of the title upon payment of the debt secured to be paid, and also provides that judgment may be forthwith entered against the defendant for the amount of any deficiency which may arise upon a sale of the property pursuant to the terms of the instrument. The mortgage contract, therefore, is conclusive of the fact that the defendant was the owner of this property and for purposes of securing the payment of a debt he executed the mortgage. Parol testimony was, therefore, inadmissible to vary or change the terms of the written agreement. (*Stowell* v. *Greenwich Ins. Co.*, 163 N. Y. 298; *Thomas* v. *Scutt*, 127 id. 133.) Objection was interposed to the testimony when offered, based upon this ground. Such objection was overruled, the testimony was admitted and such issue was submitted to the jury, to which an exception was taken. The point was, therefore, clearly raised. Evidence that the defendant was not the owner of the property at the time of the execution of the chattel mortgage was in direct contradiction of its specific provisions upon such subject. Not only did it recite that he bargained and sold such property as

owner, but that he would forever warrant and defend the title thereto in the plaintiff; consequently the exceptions which apply to the admission of parol testimony in connection with a written instrument are not admissible to save ·the ruling of the court as they do not apply to such a case.

It follows that the judgment ,and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.