## MARSHALL v. SACKETT & WILHELMS CO.

(Supreme Court, Appellate Division, Second Department. February 19, 1915.)

1. CONTRACTS (§ 176*)—CONSTRUCTION—QUESTION FOR COURT—WRITTEN CONTRACT.

Where a written contract is unambiguous, its interpretation is for the court. .

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 767–770, 917, 956, 979, 1041, 1097, 1825; Dec. Dig. § 176.*]

2. CONTRACTS (§ 152*)—CONSTRUCTION—EXPRESS INTENT.

A written contract must be interpreted according to its reasonably plain terms as expressed, together with such reasonable implications as the express words require.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 732, 733, 738; Dec. Dig. § 152.*]

3. CONTRACTS (§ 155*)—CONSTRUCTION—PARTY DRAWING CONTRACT.

The party to a contract, who drew the written agreement, is not to be favored in its construction; but it must be construed strictly against him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 736; Dec. Dig. § 155.*]

4. MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

A written contract, by which defendant employed plaintiff at a stated compensation, which provided for termination by either party on 30 days' notice after a certain date, was intended to provide against an arbitrary termination of the contract before that date, and not to be terminable at will without notice prior to that date.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

5. MASTER AND SERVANT (§ 39*)—CONTRACT OF EMPLOYMENT—PLEADING—AFFIRMATIVE DEFENSE.

In an action by an employé for breach of the contract of employment, a defense that the employé had a contract with others in which his interest might be hostile to his employer, and of which he had not informed his employer, was an affirmative defense, which must be pleaded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 45, 46; Dec. Dig. § 39.*]

6. PLEADING (§ 396*)—ISSUES, PROOF, AND VARIANCE—AFFIRMATIVE DEFENSE.

An action by an employé for the breach of a contract of employment cannot be dismissed on the ground that the evidence showed an affirmative defense, where that defense was not pleaded, and the only evidence to sustain it was admitted over the employé's objection.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1336; Dec. Dig. § 396.*]

7. PLEADING (§ 327*)—BILL OF PARTICULARS—OPERATION—ENLARGING DEFENSE.

A bill of particulars cannot enlarge a defense, by setting up an affirmative defense not pleaded in the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 993, 994; Dec. Dig. § 327.*]

Appeal from Trial Term, Kings County.

Action by Willis C. Marshall against the Sackett & Wilhelms Company. Judgment for the defendant, and plaintiff appealed. Pending the appeal, plaintiff died, and Mary Marshall, his administratrix, was substituted as plaintiff. Judgment reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

William R. Bayes, of New York City (Bruce M. Falconer, of New York City, on the brief), for appellant.

Charles Kaufmann, of New York City (Joseph J. Corn and J. Lester Lewine, both of New York City, on the brief), for respondent.

CARR, J. This action was brought originally by Willis C. Marshall to recover damages for a breach of contract of hiring between him, as servant or agent, and the defendant corporation, as master or principal. Judgment went against the plaintiff, dismissing his complaint at the close of his case. After this appeal the then plaintiff died, and this appellant has been substituted as plaintiff in place of the decedent.

The contract of hiring was evidenced by a writing prepared by the defendant, which reads as follows:

"February 2, 1912.

"Mr. W. C. Marshall, 1013 Grand Street, Brooklyn, N. Y.—Dear Sir: Confirming our verbal arrangement, your business is to be kept a separate department in every way, and you are to have a salary at the rate of $4,000.00 per year and 15% of the net profits of your department. This agreement may be terminated by you or by the Sackett & Wilhelms Company on thirty (30) days' notice after January 1, 1913. These profits to be computed annually.

"Very truly yours,        The Sackett & Wilhelms Company,
                                "Julius Herman, Treas."

Marshall entered upon the employment under the terms of this contract, and so continued until July, 1912, when he was dismissed by the defendant. Before this contract was made, Marshall had been in charge of the affairs of a corporation known as the "Souvenir Post Card Company." As the result of negotiations between the owners of the stock of that corporation and this defendant, in which Marshall was very active, the defendant bought the controlling interest in the capital stock of the Souvenir Post Card Company, and by a contract between itself and the vendor it took over the stock on hand of the "Souvenir Post Card Company" for the purpose of selling the same to its own customers and to account for the proceeds of such sales to the vendor named in the contract last referred to. In this contract it obligated itself to give a preference in its sales as to the merchandise in question over any similar merchandise which it might offer for sale on its own account.

Marshall, in his complaint, alleged the contract of hiring above set forth, his performance of its conditions, and an unlawful discharge by the defendant in July, 1912. The defendant answered by denying generally all the allegations of the complaint, except as to making the contract of hiring, and then set up two affirmative defenses—one that the plaintiff, Marshall, had been paid in full, and another that the contract of hiring had been made by the defendant upon Marshall's false representations, relied upon by the defendant, that he was fully competent to undertake the duties of the employment, and had sufficient skill and ability to perform the requisite services, while in fact he "was wholly unable and incompetent to perform

the said services, and did not have sufficient skill or ability properly to perform the same."

At the trial Marshall was subjected to a long cross-examination. His case was rested at the close of his own testimony. The defendant thereupon made a motion to dismiss in language as follows:

"If your honor pleases, the defendant moves to dismiss the complaint upon the ground that the allegations of the complaint have not been proven with reference to any contract for a year; that, on the contrary, as it appears from the language of the paper marked in evidence as comprising the written contract, it was an indefinite hiring at a certain rate per annum, and therefore terminable at any time, on the authority of Martin v. New York Life Insurance Co., 148 N. Y. 121 [42 N. E. 416]."

The court thereupon dismissed the complaint, and the plaintiff excepted.

The complaint should not have been dismissed simply because the plaintiff had claimed a hiring for a year, if in law and fact the admitted hiring was for a definite period, which overlapped the date of his dismissal by the defendant.

[1-3] Neither party to this appeal claims that the written agreement involved is ambiguous. Its interpretation was therefore for the court. It was to be interpreted according to its reasonably plain terms, as expressed, together with such reasonable implications as the express words might require. As the writing was made by the defendant, it was not to be favored in the interpretation; but, on the contrary, the paper was to be construed strictly against it, under the familiar rule of contra proferentem. Simon v. Etgen, 152 App. Div. 399, 137 N. Y. Supp. 369; Industrial & General Trust v. Tod, 180 N. Y. 215, 73 N. E. 7.

[4] In the Martin Case, the authority upon which the dismissal rested, it was held that a hiring for an undefined term was a hiring at will, and not a hiring for a year, and the mere fact that compensation was to be paid at a rate computed per annum did not convert the hiring from one at will. In Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215, the same question came before the Court of Appeals, and the rule of the Martin Case was applied. In that case, as in the Martin Case, there was no stipulation or condition in the contract of hiring upon which any reasonable implication of a hiring for a definite period could rest, and, as there was no latent ambiguity in the agreement of hiring, the courts would not look to the attending circumstances to import into the writing something that neither party had expressed.

I think the case at bar presents quite different features. The writing does contain a stipulation and condition as to the termination of the hiring. It says:

"This agreement may be terminated by you or by the Sackett & Wilhelms Company on thirty (30) days' notice after January 1, 1913."

The respondent argues that the intent and effect of this clause was that the hiring was to be at will up to January 1, 1913, and that after that date it was terminable only on 30 days' notice. I think this is not the fair meaning of the clause. It prescribed expressly conditions

for the mutual termination of the contract without cause advanced. These conditions could not be availed of until a definite time arrived, January 1, 1913. These conditions seem necessarily exclusive of an arbitrary right in either party to. discontinue the hiring at any time between its inception and the time fixed in the contract itself, when a conditional termination, at the will of either party, was provided for.

[5, 6] The respondent argues further that, if the dismissal of the complaint cannot be sustained on the ground specified in the motion, the judgment should be affirmed nevertheless on other grounds appearing in the record, but not specified in the motion, and cites Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601, to that effect. That was a case in which a motion was made to dismiss a complaint generally, and without specification of the grounds, and the question before the Court of Appeals was whether such a motion was proper in form. It was held that while the grounds should be specified in the motion, yet the absence of specification would not inure to the benefit of the plaintiff, if there were grounds for dismissal shown in the record, which the plaintiff could not have met successfully if they had been specified in the motion.

[7] The respondent argues that in this case it had given evidence that at the time of the hiring the plaintiff had a contract with third parties, in which he had a personal interest which might prove hostile to that of his employer, and that he failed to reveal this fact to his employer. Such facts, however, would constitute an affirmative defense, and the defendant was obliged to plead them accordingly. Linton v. U. F. Co., 124 N. Y. 533, 27 N. E. 406; Rosbach v. Sackett & Wilhelms Co., 134 App. Div. 130, 118 N. Y. Supp. 846. Whatever evidence to sustain them that got into the record was over an appropriate objection and exception of the plaintiff. This matter was not pleaded. In a bill of particulars filed as to the pleaded affirmative defenses, there is some vague language probably relating to it. But a bill of particulars cannot be used to enlarge a defense set up in a pleading to the extent of matters not pleaded. Beadleston & Woerz v. Furrer, 102 App. Div. 544, 547, 92 N. Y. Supp. 879; St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398. If the defendant intended to rely upon these matters as a defense, it should have sought an amendment of its answer to that extent.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.