HEBBERD v. AMERICAN SHEET METAL LATH CO., Inc.

(Supreme Court, Appellate Term, First Department.   May 6, 1915.)

MASTER AND SERVANT ☞8—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

   Plaintiff's agreement, contained in his letter of November 17, 1913, in consideration of $1,800 per year, paid in equal weekly installments, to act as salesman for defendant, on defendant's agreement to pay such amount, provided plaintiff's sales averaged 5,000 square yards of laths monthly, commencing February 1, 1914, was a hiring for a year, terminable monthly upon a condition subsequent, to be ascertained at the end of every month, beginning February 1, 1914, and not upon the sales for the year.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10, 17;  Dec. Dig. ☞8.]

Appeal from City Court of New York, Trial Term.

Action by Harvey W. Hebberd against the American Sheet Metal Lath Company, Incorporated.   From a judgment in favor of plaintiff, entered upon the verdict of a jury, defendant appeals.   Reversed, and complaint dismissed.

See, also, 150 N. Y. Supp. 72.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Lewis & McNamara, of Brooklyn (William J. Lewis and Daniel McNamara, Jr., both of Brooklyn, of counsel), for appellant.

Lewis F. Glaser, of New York City, for respondent.

BIJUR, J.   The controversy concerns the interpretation of an agreement of employment of plaintiff by defendant, contained in a letter of November 17, 1913, the material part of which is:

"The plaintiff, in consideration of $1,800 per year, paid in equal weekly installments, agrees to act as salesman for defendant.  *  *  *  The defend-

ant  *  *  *  agrees to pay to plaintiff the above-mentioned $1,800 per year provided that the sales of the plaintiff average 5,000 square yards monthly, .commencing February 1, 1914."

Plaintiff claims that on May 1, 1914, he was wrongfully discharged. He admits that up to that time he had not sold laths, the number of which would average from February 1st to May 1st, 5,000 square yards a month.

On a prior appeal (150 N. Y. Supp. 72, December 4, 1914) a judgment for plaintiff was reversed for errors which are not now material. This court held, what is self-evident, that the contract was a hiring, not at will, but for a year. The leading case which holds that a hiring at so much per year is a hiring at will (Martin v. N. Y. Life Ins. Co., 148 N. Y. 121, 42 N. E. 416) is to be clearly distinguished, for it is quite apparent that in the agreement in the case at bar the parties contemplated an absolute employment for a definite time, at least until February 1st, and the only sensible and reasonable interpretation of the contract is that it was a hiring for a year, terminable monthly upon a condition subsequent, to be ascertained at the end, either of every month beginning February 1st, or, as plaintiff claims, at the end of the entire year. Since the handing down of our decision in this case, the Appellate Division in the Second Department has had occasion to write in a case that is almost on all fours, and based upon the same reasoning. Marshall v. Sackett & Wilhelms Co., 151 N. Y. Supp. 1045, decided February 19, 1915.

This court further said, in its previous opinion, that the ambiguity in the contract arose from the use of the term "average," and that parol evidence might be admitted to explain the sense in which the parties had used that term. Such evidence has now been adduced. In substance, it amounts to no more than the claim by plaintiff that the conversation between the president of the defendant and himself, at the time the agreement was made, was to the effect that the average was to be estimated upon the sales beginning February 1, to and including November, 1914. Defendant, on the other hand, gave his version of the conversation to the effect that plaintiff had said that the fall months were bad for the lath business, but that in the spring the sales would be very large; consequently the agreement was made absolute for the months of November and December, 1913, and January, 1914, because plaintiff conceded that he could not sell much during that time, that the average should be computed beginning February 1st, and that the intention of both parties was that plaintiff should sell every month, beginning with February 1st, at least 5,000 square yards of laths, or that, at the end of each month, beginning with that date, the sales that he had made should average at least 5,000 square yards per month.

Although the jury has found in favor of plaintiff, thus adopting his interpretation, it is quite evident that that interpretation is not merely unreasonable, but meaningless. One of the first canons of interpretation is that the meaning given to an instrument must be reasonable,. giving effect to all the terms thereof. According to the plaintiff's version, since the average could not be computed until the end of the entire term, the only effect of the provision was that defendant could

discharge the plaintiff when the contract had terminated—a paradox, and an absurdity on its face. Defendant's version, on the other hand, gives weight and meaning to every express and implied provision of the contract. Plaintiff was to have 2½ months leeway during the dull time of the year, which was not to be taken into consideration at all; but, beginning February 1st, he was bound to sell each month at least 5,000 square yards of laths, either during that month, or by addition to the sales of that month of any surplus in previous months not already applied to make up a preceding deficiency.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.