### LEIFER v. SCHEINMAN.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

MASTER AND SERVANT ⬅═8(1)—CONTRACT OF EMPLOYMENT—HIRING AT WILL.

An agreement obligating one to employ another as designer and fitter at a yearly salary of $1,720, payable weekly, and providing that the employé "must prove satisfactory in every respect" to the employer, was a hiring at will, and not an employment for a definite term.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8, 17; Dec. Dig. ⬅═8(1).]

Appeal from City Court of New York, Trial Term.

Action by Joseph Leifer against Meyer S. Scheinman. From a judgment for plaintiff, entered upon the verdict of a jury, defendant appeals. Judgment reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

William H. Chorosh, of New York City, for appellant.

Morris & Samuel Meyers, of New York City (Samuel Meyers and Herman Druck, both of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for unjustified discharge under a contract of employment reading as follows:

"New York, August 15, 1913.

"I, M. S. Scheinman, do hereby agree to employ J. Leifer, and J. Leifer agrees to work for the said M. S. Scheinman, as designer and fitter at a yearly salary of $1,720, payable $35 on Friday of each week, and said J. Leifer must prove satisfactory in every respect to the said M. S. Scheinman.

"M. S. Scheinman.

"J. Leifer."

---

It seems perfectly clear that this agreement was a hiring at will, and not an employment for a definite term. Martin v. N. Y. Life Ins. Co., 148 N. Y. 117, 42 N. E. 416; Watson v. Gugino, 204 N. Y. 535, 98 N. E. 18, 39 L. R. A. (N. S.) 1090, Ann. Cas. 1913D, 215. It is plainly distinguishable from the contract construed by this court in Hebberd v. Am. Sheet Metal Lath Co., 90 Misc. Rep. 350, 152 N. Y. Supp. 1083, where certain elements of the contract indicated plainly that the employment was for a definite term. No such elements are present in the case at bar.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.