MORRIS ASINOF & SONS, INC., Appellant, v. CARL FREUDEN-
THAL, Respondent.

First Department, February 4, 1921.

**Sales — action by buyer for failure of seller to accept and pay for
merchandise — correspondence between parties establishing mak-
ing of contract.**

In an action by the seller against the buyer to recover damages for failure
to accept and pay for merchandise, correspondence between the parties
for the purpose of reducing to writing a contract which they had made
through a broker, examined and *held*, to show *prima facie* the making of
the contract.

A formal answer by the seller to a letter of the buyer which would have
merely been a reiteration of the seller's consent to the buyer's proposition
with respect to the time of payment was not a condition precedent to the
making of a valid contract.

APPEAL by the plaintiff, Morris Asinof & Sons, Inc., from
a judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of New York
on the 20th day of October, 1919, upon the dismissal of the
complaint by direction of the court at the close of the plaintiff's
case.

*Louis Salant* of counsel [*Morton Stein* with him on the brief],
for the appellant.

*Jacob H. Corn* of counsel [*Siegel, Corn & Siegel*, attorneys],
for the respondent.

LAUGHLIN, J.:

This is an action by the seller of merchandise against the
buyer thereof to recover damages for his failure to accept
and pay therefor. The complaint, as amended by consent
on the trial, is on a contract alleged to have been made between
the parties on or about the 20th day of December, 1917, by
which the plaintiff agreed to sell and deliver to the defendant,
and the defendant agreed to purchase, two hundred and
eighty pieces of mackinaw cloth, consisting of about forty-five
yards to the piece, at the agreed price of $2.50 per yard, delivery

f. o. b. New York, $5,000 to be paid in cash immediately upon receipt of the invoices by the defendant and the balance to be paid on or before January 5, 1918, with a proviso by which plaintiff was to be released from liability with respect to fifty-one pieces of the cloth, which then were in transit to the plaintiff, in the event that they were not received by it, and the defendant was given an option to take any or all of seventy-five additional pieces at the same price in case they should be received by the plaintiff as expected. At the suggestion of the defendant, who claimed that the minds of the parties had not met on a binding contract, the evidence with respect to the contract was presented in order that the point concerning the sufficiency thereof might be presented without incumbering the record with other evidence relating to the tender of performance by the plaintiff, its readiness and ability to perform and its damages.

At the close of the evidence offered by the plaintiff with respect to the making of the contract, the complaint was dismissed on defendant's motion. The only point presented by the appeal, therefore, is whether the evidence shows *prima facie* the making of the contract. Plaintiff is a domestic corporation and its place of business was at the city of New York and the defendant was engaged in business at Baltimore, Md., under the name of L. Freudenthal & Son. It appears that the preliminary negotiations for the contract were had through a broker.

On the morning of the 21st of December, 1917, plaintiff wrote and mailed to the defendant a letter referring generally to the agreement made through the broker and inclosing invoices for 280 pieces of the cloth, and stating that it had on hand ready for shipment 229 pieces and had invoices for 51 additional pieces which were in transit and which it expected to receive within a few days, the total net amount of the goods invoiced as $32,230.63, and stated that the terms of sale were that defendant should send a check for $5,000 upon receipt of the invoices and remit for the balance by January 1, 1918, and that it was understood that if any of the 51 pieces should be lost in transit, plaintiff was not to be held responsible and that it was expecting 75 additional pieces, and that defendant could have them when received

if he wanted them, and that the goods would be packed ready for shipment at defendant's disposal f. o. b. New York. Apparently there was no understanding as to which of the parties should communicate with the other first, for the day before the plaintiff so wrote the defendant, the defendant wrote the plaintiff confirming the order placed through the broker, but stating that the order was for 342 pieces, and with respect to the terms, stated the price the same as the plaintiff claimed and that a check was to be sent for $5,000 on receipt of the invoices, but stating that the balance was to be paid *between* January first and January fifth, and the plaintiff was to hold the goods to defendant's order. The letter from the defendant was received by the plaintiff on the afternoon of December twenty-first, after its first letter of that date had been mailed and it thereupon wrote and at about six P. M. that day mailed another letter to defendant acknowledging the receipt of his letter confirming the order, and stating that it was entirely satisfactory with one exception and that was with respect to the number of pieces, and it therein stated that it could not hold itself responsible for the delivery of 342 pieces and that it had in stock 229 pieces and invoices for 51 more, and that there was hardly a possibility of its not receiving them, but that it could not hold itself responsible in case it did not, and it reiterated what had been stated in its first letter with respect to 75 additional pieces and closed by agreeing to deliver the 229 pieces which were on hand, and the 51 pieces when received, and as many of the 75 pieces when received as the defendant desired, and requested an acknowledgment by the defendant to the end that there might be no misunderstanding. On the twenty-fourth of December defendant wrote the plaintiff acknowledging the receipt of its letter of the twenty-first — evidently referring to plaintiff's first letter of that date — and stating that it wished to correct plaintiff's statement as to terms and referred to defendant's letter of the twenty-first, which it was conceded meant the twentieth, confirming the order and stating that the balance over the $5,000 would be paid by it *between* the first and the fifth of January and not between the date of the letter and the first of January as plaintiff

had proposed, and the letter closed with the following: " Please acknowledge this accordingly and oblige." This letter was not received by plaintiff until December twenty-sixth, and the suggested change by the defendant with respect to the time he was to have to pay the balance had already been assented to by the plaintiff in its second letter of December twenty-first, which evidently had not been received by the defendant when he wrote the letter of December twenty-fourth. The plaintiff, deeming that the defendant in the meantime must have received its second letter of December twenty-first assenting to the only change in the contract suggested by the defendant in this letter of the twenty-fourth of December, did not further communicate with the defendant concerning it; but not having received defendant's check for $5,000 on account of the invoices inclosed to him with its first letter of December twenty-first, wired him as follows: " Surprised not having received check five thousand dollars. Wire answer." After receiving this telegram, and on December twenty-sixth, defendant wrote plaintiff as follows: " Not having received a reply to our letter of the 24th inst., and as the terms specified by you in your letter of the 21st was not in accordance with our offer of Dec. 20th we herewith return the invoice and cancel the order." It does not expressly appear when the defendant received plaintiff's second letter of the twenty-first, but since defendant's letter of the twenty-fourth referred only to *one* of plaintiff's letters of the twenty-first, the jury would have been warranted in finding that at that time the defendant had only received the plaintiff's first letter of the twenty-first, which showed that plaintiff was only prepared to contract unconditionally for the delivery of 229 pieces of the goods, and that the defendant, by only suggesting that he be given until January fifth to pay the balance, assented to the plaintiff's first letter of December twenty-first with respect to the quantity of goods covered by the sale. The jury would also have been warranted in finding that the defendant before attempting to cancel the contract on December twenty-sixth, had received plaintiff's second letter of the twenty-first, consenting to the time of payment as specified in the defendant's letter of December twentieth and repeated in his letter of December twenty-fourth. That being so, defendant was fully informed

by plaintiff's second letter of the twenty-first that it assented. to the only change in the contract suggested by the defendant, namely, the provision giving him until January fifth to pay the balance; and he received this information by that letter sooner than he could have received it had the plaintiff formally acknowledged the receipt of his letter of December twenty-fourth and repeated therein its assent to the time of payment desired by the defendant, which it had already done by its second letter of December twenty-first. Owing to the twenty-fifth being Christmas and a holiday, plaintiff did not receive defendant's letter of December twenty-fourth until the morning of the twenty-sixth, and at that time it was warranted in assuming that the defendant had received the desired information from its second letter of the twenty-first. In these circumstances, all of the terms of the contract had been definitely agreed to in writing before the defendant attempted to cancel the order; and it would be unreasonable, I think, to hold that a formal answer by the plaintiff to defendant's letter of the twenty-fourth which would have merely been a reiteration of its consent to his proposition with respect to the time of payment, was a condition precedent to the making of a valid contract. (*Crossett* v. *Carleton*, 23 App. Div. 366; *Orr* v. *Doubleday, Page & Co.*, 172 id. 97.) The facts here are clearly distinguishable from those presented in *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310), for there the buyer's letter requesting acknowledgment proposed new terms which had not been assented to by the seller. Counsel for the respondent contends that this correspondence does not show a meeting of the minds of the parties with respect to the *quantity* of the goods covered by the order; and that although the defendant, when he wrote the letter of December twenty-fourth, had before him one or both of the plaintiff's letters of the twenty-first stating that plaintiff could not agree unconditionally to deliver 342 pieces of goods, he should not be deemed to have assented thereto by his letter of December twenty-fourth. I am unable to agree with that construction of the letter of the twenty-fourth. The letter is to be given the meaning which the defendant ought reasonably to have understood that the plaintiff would put upon it. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187;

*Marshall* v. *Sackett & Wilhelms Co.,* 166 App. Div. 141; *Grossman* v. *Schenker,* 206 N. Y. 466; *Wood* v. *Duff-Gordon,* 222 id. 88.) Either as matter of law or as a question of fact, that letter may be given the construction that the defendant accepted the plaintiff's terms with respect to the quantity of the goods to be delivered, and that he only desired four additional days time within which to pay the balance of the purchase price over the initial payment of $5,000. It will not do to hold as matter of law, as contended by the counsel for the respondent, that the defendant was holding under consideration the plaintiff's proposition with respect to the quantity of the goods to be delivered, and by his letter of December twenty-fourth merely meant to make an inquiry as to whether plaintiff would be willing to give him until the fifth of January to pay the balance in case he should decide to accept the goods which the plaintiff was willing to agree unconditionally to sell. Good faith which is required in negotiating a contract, certainly will not permit such a construction of the letter as matter of law. It is to be borne in mind that the parties both supposed that they had made an agreement through the broker. The purpose of the correspondence was not to negotiate a new contract but to reduce to writing the contract already made; and, therefore, there is no ground for holding that the defendant merely desired to obtain information to enable him to decide whether or not *to make* a contract. Moreover, it clearly appears, I think, from defendant's letter of December twenty-sixth canceling the order, that this idea was not then in his mind, for the only ground he assigns for canceling the order is that he had not received a reply to his letter of the twenty-fourth and that the terms specified in the plaintiff's letter of the twenty-first were not in accordance with his offer of the twentieth. In view of the defendant's letter of December twenty-fourth, it may fairly be inferred that the only terms proposed by the plaintiff to which he did not assent were with respect to the time of payment.

Plaintiff, by letter of December twenty-seventh, written on the receipt of the defendant's letter canceling the order, protested against the cancellation of the order and refused to assent thereto and informed the defendant that it was

holding the goods subject to his order. It appears that there was a rapid depreciation in the market price of these goods and that, I think, accounts for defendant's attempt to cancel the order. It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.