### WHITE v. DANIELS.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

NEGLIGENCE—CONDITION OF PREMISES—EVIDENCE.

    In an action to recover damages for the death of a child five years old, caused by falling down a stairway into the basement of defendant's building, where there is no evidence as to what caused the fall, or that defendant's stairway was not entirely on his own property, or was not properly constructed, the complaint is properly dismissed.

    Barrett, J., dissenting.

Appeal from trial term, New York county.

Action by Henry H. White against John F. Daniels. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Charles J. Hardy, for appellant.
John Hardy, for respondent.

McLAUGHLIN, J. This action was brought to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. Upon the trial, at the close of the plaintiff's case, the complaint was dismissed, and a judgment entered to that effect, from which the plaintiff appealed.

From the testimony offered upon the trial, it appeared that between 7 and 8 o'clock in the evening of the 15th of May, 1894, the plaintiff's intestate, then five years of age, fell down a flight of stairs leading into the basement of the defendant's building, in the city of New York, and sustained injuries which it is alleged caused her death. No one saw the child fall, and how she came to do so is entirely a matter of speculation. The only evidence on that subject is the testimony given by the witness Mitchell, who testified that he was sitting near by, and, hearing a child cry, turned around, and saw the intestate rolling down the stairs. The evidence would have justified the jury in finding that the injuries which the child then sustained were sufficient to, and subsequently did, cause her death; but the case is barren of any evidence tending to show negligence on the part of the defendant, or that he was responsible in any way for her fall, or the injuries sustained thereby. It did not appear that the stairway leading to the basement was not wholly upon the defendant's own premises, or that it extended into or beyond the line of the street. Neither did it appear that it was not constructed in the usual way, or that it was dangerous to persons passing along the street. It, however, did appear that there was a railing on each side of it, from $2\frac{1}{2}$ to 3 feet high; and, even if it extended into the street, it was impossible for one passing along the street to walk into it. To maintain the action, it was incumbent upon the plaintiff to show, or furnish evidence from which the jury could find, that the fall of the little girl was caused by the defendant's negligence. This could not be left to mere speculation, and, in the absence of evidence upon that subject, the complaint was properly dismissed.

It follows that the judgment was right, and must be affirmed, with costs to the respondent. All concur, except BARRETT, J., dissenting.