LOUNSBURY et al. v. KNIGHTS OF THE MACCABEES OF THE WORLD.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. INSURANCE (§ 763*)—MUTUAL BENEFIT—REINSTATEMENT—WRITTEN APPLICATION—WAIVER.

    If the rule of a fraternal association requiring applications for reinstatement to be in writing had been disregarded for some time, to the association's knowledge, and a member had been led to suppose that it was not essential, his reinstatement was valid, though the application was verbal.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1925; Dec. Dig. § 763.*]

2. INSURANCE (§ 825*)—MUTUAL BENEFIT—REINSTATEMENT—JURY QUESTION.

    Under the evidence, *held* a jury question whether a fraternal association abrogated a rule requiring applications for reinstatement as members to be in writing.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 825.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INSURANCE (§ 760*)—MEMBERS—REINSTATEMENT—PREREQUISITES.
     A fraternal association member's reinstatement was not vitiated by his failure to pay a rate for the current month, where he had the whole month in which to pay it and such payment was not required by the rules as a condition for reinstatement.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 760.*]

4. INSURANCE (§ 762*)—MEMBERS—REINSTATEMENT—REPRESENTATIVE'S DEFAULT —EFFECT.
     So far as a deceased member's reinstatement in a beneficiary association was a result of the default or neglect of the local record keeper, such keeper was the association's and not the member's representative, and the association cannot escape liability on a life certificate because of such default or neglect.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 762.*]

5. TRIAL (§ 140*)—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES.
     The credibility of a beneficial association's local record keeper as a witness in an action on a life certificate involving the validity of a member's reinstatement was for the jury; he being an interested witness, within the rule relating to such witnesses.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140.*]

    Kruse, J., dissenting.

Action by Nora Lounsbury and another against the Knights of the Maccabees of the World. Verdict for defendant, and plaintiffs' motion for a new trial on their exceptions was ordered to be heard by Appellate Division. Exceptions sustained, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

McGuire & Wood, for plaintiffs.
J. M. E. O'Grady, for defendant.

WILLIAMS, J. Plaintiffs' exceptions should be sustained, and the motion for a new trial granted, with costs to plaintiffs to abide event. The action was brought to recover $1,500 upon a certificate of insurance upon the life of the deceased, who was the husband and father of the plaintiffs. The trial court held that the deceased, having prior to his death been suspended, was never reinstated, as a member. He had concededly been suspended when, on the 12th day of August, 1905, he sought to be reinstated. He was required by the rules to make a written application, pay all arrears due the defendant and his local tent, and furnish a physician's certificate, and then the local record keeper was required within 2 days to report the matter to defendant and remit the amount due it of the arrearages paid. Deceased furnished the certificate and paid all arrearages; but his application was verbal, and not in writing. He died on the 26th day of August, 1905, 14 days after the attempted reinstatement. It seems the local record keeper kept the certificate and money paid him by the deceased, and never reported the matter to the defendant, or sent any of the arrearages due it.

First. It is urged that there was a failure to make the written application, required by the rules, and therefore the deceased was not entitled to be reinstated. Evidence was given by the

parties as to whether this provision had been enforced by the defendant, or abrogated and disregarded, and it was a question for the jury to determine. If the rule had been disregarded, to deceased's knowledge, for some time, and deceased had been led to suppose it was not essential to a reinstatement, then it could hardly be said this would be a ground for holding the deceased was not reinstated. One very significant fact appears, and alone would seem to settle the question against the defendant. There were no blanks obtainable upon which the application could be made as required by the rule. The question should have been submitted to the jury.

Second. Some claim is now made that the rate for August should have been paid, for the purpose of a reinstatement. No such claim was made on the trial. None was made by the local record keeper to deceased when he paid the arrears, assumed to be due. More than this, the deceased had the whole month of August in which to pay these rates. It was only dues and assessments for the month of August that he was required to pay, and none of these remained unpaid. They were, so far as they existed, paid by the deceased as a part of the arrears. There is a clear distinction between monthly rates, which go to the defendant itself and are uniform during all the months, and dues, which go to the local tent, and assessments, which are specially made, and go some to the defendant itself and some to the local tent. The only amount here claimed to be left unpaid were the August rates. They were not required to be paid as a condition of reinstatement. They might be paid any time during the month of August.

Third. It is claimed the deceased was not reinstated because the local record keeper failed to report the reinstatement to the defendant, and kept the money paid for arrearages and the physician's certificate, and therefore the defendant's medical examiner never approved of the certificate. No claim is made that the certificate was insufficient, or that for any reason it would have failed of approval if forwarded to the defendant, and in fact this point does not seem to have been suggested or urged in behalf of defendant, either on the trial or before this court. So far as actual reinstatement was the result of the default or neglect of the local record keeper, he was the representative of the defendant, and not the deceased, and defendant could not gain any advantage growing out of such default or neglect. Order of Foresters, 176 N. Y. 132, 68 N. E. 145; Knights of Pythias, 177 U. S. 260, 20 Sup. Ct. 611, 44 L. Ed. 762.

The facts bearing upon this question, including the credibility of the local record keeper, were for the determination of the jury, who were at liberty to disregard his evidence, if the same seemed to them untrue. He was an interested witness, and within the rule relating thereto, being a representative of the defendant here.

There should be a new trial, and a submission of the case to a jury. All concur, except KRUSE, J., who dissents in a memorandum, and SPRING, J., not sitting.

KRUSE, J. (dissenting). If the only failure of the assured to comply with the conditions for his reinstatement were the omission of

the local record keeper to require the application to be in writing and report as required, I would agree to the reversal of the judgment directed in favor of the defendant. But aside from that question, and aside from the fact of his not having paid the rate for August (that being the month in which it is claimed he applied for reinstatement), there is the further provision contained in the rules of the defendant, and a part of the contract of insurance, explicitly declaring that the medical certificate and examination must be approved by the supreme medical examiner before reinstatement can take place, which, of course, was not done in this case. So that, even if the assured had done all which the rules required him to do, and the local record keeper had forwarded the medical certificate, with an application in writing, it would still have needed the approval of the supreme medical examiner to reinstate the assured. I do not see how it can be said, under the circumstances, that the defendant waived these express conditions and requirements, which were a part of the contract of insurance.

I think the case was correctly disposed of at the trial, and that the judgment should be affirmed.