## DE CARLTON v. GLASER.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. EVIDENCE ☞417(19)—PAROL EVIDENCE—LENGTH OF EMPLOYMENT.

Where the telegram offering employment and the one accepting it do not state the length of the employment, parol evidence is admissible to show the intention of the parties in that respect, since the telegrams do not show a complete, certain, and unambiguous contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1899; Dec. Dig. ☞417(19).]

2. CUSTOMS AND USAGES ☞15(1)—EVIDENCE—CONTRACT OF EMPLOYMENT.

Where the telegrams by which an actor was hired do not show the length of employment, evidence that it was a custom in the theatrical business that contracts of employment might be terminated by either party on giving two weeks' notice is admissible.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 30, 31, 33; Dec. Dig. ☞15(1); Evidence, Cent. Dig. § 1945.]

Appeal from Trial Term, New York County.

Action by George De Carlton against Vaughan Glaser. Judgment for the plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Nathan Burkan, of New York City, for appellant.
Arthur F. Driscoll, of New York City, for respondent.

McLAUGHLIN, J. The action was brought to recover damages for the alleged breach of a contract. The complaint alleged, in substance, that on the 5th of September, 1912, defendant engaged plaintiff as a theatrical performer for a period of 52 weeks, at a stated salary, and plaintiff agreed to render such service during that period upon the terms stated; that in accordance with the terms of the contract he entered the employment of the defendant, and continued to perform his part of the same until the 1st of February, 1913, when he was discharged; and by reason thereof plaintiff was entitled to recover $1,600, for which judgment was demanded.

The answer put in issue the material allegations of the complaint, and set up as affirmative defenses: (1) That at the time plaintiff was employed by defendant, and at all times while he continued in such employment, there was a general custom and usage in the theatrical profession, well understood by both parties, to the effect that either of them had the right to terminate the engagement upon giving 2 weeks' notice; that, in accordance with such custom, defendant, on the 18th of January, 1913, notified plaintiff of his election to terminate the employment, and 2 weeks thereafter paid him the salary due to that time, which plaintiff accepted and then consented to the termination of the employment; and (2) that prior to the commencement of the action, for a valuable consideration, plaintiff in writing released defendant from the claim set up in the complaint.

The evidence at the trial was conflicting as to the time plaintiff was employed. He testified, in substance, that about the 1st of September, 1912, he met one McDonald, who, it is conceded, was defendant's representative, in a booking office in New York City; that he had a talk with him about entering the employ of the defendant; that he informed McDonald he was then employed "in the picture field," and was certain of steady employment for 52 weeks, and did not feel like giving that up and taking a chance with a road company; that in answer to that McDonald said, "I will give you 52 weeks, because this man never closes; at the end of his regular season he goes into stock;" that a further talk was then had as to salary, also as to an engagement for plaintiff's wife; that in reply to the latter McDonald said he thought he could arrange it with the defendant, and plaintiff said if he could he would consider the proposition; that a few days later plaintiff received a telegram from McDonald saying, "If you wish to have wife with you, she willing to do small bit, one score, will pay transportation and sleeper. You to play Tellow Grain of Dust, sixty and fifty for stock at close of road season. If satisfactory wire immediately Vaughan Glaser, Prospect Theater, Cleveland;" that in response to this telegram plaintiff caused one to be sent reading, "De Carlton accepts. When do you want him? Wire transportation;" that after sending the telegram the plaintiff stated to McDonald that the proposition made by the defendant was satisfactory to him, and he entered the employ of the defendant and continued therein until the 1st of February following, when such employment was terminated.

The defendant testified that McDonald had no authority to employ plaintiff for 52 weeks, or in fact to make any contract until the terms

of the same had been submitted to and approved by him, and that the only contract he made with him was that shown in the telegrams to which reference has been made. In this respect he was corroborated by McDonald, who denied he ever told plaintiff that defendant would employ him for 52 weeks. Defendant also produced several witnesses who testified there was a well-known custom in the theatrical business to the effect that, where a contract of hiring was indefinite as to time, the employment might be terminated by either party on giving 2 weeks' previous notice thereof. All of this testimony, however, was at a subsequent stage of the trial stricken out, and the jury instructed to disregard it, to which exceptions were taken. The plaintiff had a verdict, and from the judgment entered thereon defendant appeals.

[1, 2] The telegrams, standing alone, do not show a contract so complete, certain, and unambiguous as to prevent the admission of oral evidence to amplify and explain it. The length of employment was not stated, and for that reason testimony was admissible to show what the parties intended in that respect; and, as bearing upon that question, testimony was also admissible to prove a custom in the theatrical business to the effect that the employment might be terminated by either party on giving 2 weeks' notice, where the contract of hiring was indefinite as to time. The main issue was whether the hiring was for a definite term of 52 weeks, or for an indefinite term, and the jury might well have concluded, had this testimony remained in the case, that the contract was made with reference to this custom, and it was an implied term to be read into the telegram sent by McDonald.

It follows, therefore, that the court erred in rejecting the testimony offered by the defendant as to this custom, and also in striking out the testimony that had been received, and instructing the jury to disregard it. Hart v. Thompson, 39 App. Div. 668, 57 N. Y. Supp. 334.

For the error thus committed, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.