JOSEPH LEIFER, Appellant, v. MEYER S. SCHEINMAN,
Respondent.

First Department, October 26, 1917.

**Evidence — action for breach of contract of employment — when
duration of employment may be shown by parole.**

A plaintiff suing for the breach of a written contract of hiring which is
silent as to the duration of the employment may give oral evidence as
to the period of the hiring for it does not contradict or vary the terms
of the written contract but merely shows a portion of the agreement
not reduced to writing.

APPEAL by the plaintiff, Joseph Leifer, from a determina-
tion and order of the Appellate Term of the Supreme Court
in favor of the defendant, entered in the office of the clerk
of the county of New York on the 25th day of January, 1917,
reversing a judgment of the City Court of the City of New
York and dismissing the complaint.

*Samuel Meyers,* for the appellant.

*William H. Chorosh,* for the respondent.

PAGE, J.:

The action was to recover damages for an alleged wrongful
discharge. This was the second trial of the case. The
contract of employment was as follows:

"NEW YORK, *August* 15, 1913.
"I, M. S. Scheinman, do hereby agree to employ J. Leifer
and J. Leifer agrees to work for the said M. S. Scheinman
as designer and fitter at a yearly salary of $1,820, payable
$35.00 on Friday of each and every week and said J. Leifer
must prove satisfactory in every respect to the said M. S.
Scheinman.

"M. S. SCHEINMAN
"J. LEIFER."

The judgment upon the first trial was secured upon the
theory that the yearly rate of salary specified in the contract

First Department, October, 1917. [Vol. 179.

rendered the contract an employment for a year. The Appellate Term correctly held that as the contract was silent as to term it constituted a hiring at will and reversed the judgment and ordered a new trial (159 N. Y. Supp. 40). On the second trial the learned trial justice admitted testimony as to the negotiations at the time of the making of the agreement, and statements then made by the defendant. He instructed the jury that the first question for them to determine was what the contract between the parties was; that *prima facie* the written contract being silent as to term was one of hiring at will terminable by either party at any time; but if they found, taking into consideration the parol testimony, that the parties agreed to a yearly hiring, the same could only be terminated for proper cause. The jury returned a verdict for the plaintiff, thereby finding the contract to be for a yearly hiring, and that the plaintiff was wrongfully discharged. On appeal the Appellate Term has reversed the judgment and dismissed the complaint, holding that the written contract was complete in itself and that the parol evidence should not have been received. In this, in my opinion, the Appellate Term erred. It is the settled rule in this State, as stated in *Martin* v. *Insurance Co.* (148 N. Y. 117, 121): "The rule is inflexible that a general or indefinite hiring is *prima facie* a hiring at will; and if the servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof." (See, also, *Watson* v. *Gugino*, 204 N. Y. 535, 541; *De Carlton* v. *Glaser*, 172 App. Div. 132, 134; *Reiss* v. *Usona Shirt Co.*, 174 id. 181, 183.) The learned Appellate Term has held that the statement in the *Martin Case* (*supra*) as to the servants giving evidence to establish the hiring was intended to apply only to oral contracts and not where there was a written contract. I can find no support for this proposition either in reason or authority. While in the *Martin* case the contract was oral, the rule is quoted and applied by the Court of Appeals in the *Watson Case* (*supra*) which was predicated upon a written contract and the court said: "As the contract is in writing, it is presumed to express all that the parties intended. No parol evidence was offered to explain any latent ambiguity." (P. 542.) In *De Carlton* v. *Glaser* (*supra*) this court said:

" The telegrams, standing alone, do not show a contract so complete, certain and unambiguous as to prevent the admission of oral evidence to amplify and explain it. The length of employment was not stated, and for that reason testimony was admissible to show what the parties intended in that respect " (p. 134), and in *Reiss* v. *Usona Shirt Co.* (*supra*) the contract was in writing. The judgment was reversed, because the court had excluded parol evidence that was offered to show the term of employment which was not stated in the contract. The principle, as I understand it, is this: that while parol evidence cannot be received to contradict or vary the terms of the contract, if there was a part of the agreement of the parties which had not been embodied in the writing, parol evidence may be received to show what was the full agreement and thus supply an omitted part of their engagement.

The determination of the Appellate Term should be reversed, and the judgment of the City Court reinstated, with costs to the appellant in this court and in the Appellate Term.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Determination reversed, with costs, and judgment of City Court affirmed, with costs.