RUDOLPH R. RAGETTE, Respondent, *v.* THE R. C. MAXWELL COMPANY, Appellant.

First Department, July 3, 1919.

**Evidence — admissibility of parol evidence to establish full agreement — evidence of general trade custom — when said custom need not be specially pleaded.**

Where in an action to recover for services rendered pursuant to a contract in writing providing that " the amount of commission is 10% on all work turned in, if the contracts are made with the customer direct — and 5% on work turned in through agencies," the defendant alleges as a separate defense that plaintiff was to be paid ten per cent " of all moneys paid to the defendant under the contracts turned in by the plaintiff, payable *as and when the amounts due were received by the defendant*," it was reversible error to refuse to permit the defendant to introduce evidence as to the understanding of the parties concerning the circumstances under which the commissions were to be paid, the contract being silent in that particular.

While parol evidence cannot be received to contradict or vary the terms of a written agreement, yet if a part of the agreement is not reduced to writing, parol evidence may be received to show what was the *full* agreement.

Evidence of a general trade custom in substantial accord with the special
　　defense pleaded by the defendant, would not tend to vary or contradict
　　the terms of the full agreement between the parties, and it was not
　　necessary to plead such custom specially in order to make it available.

APPEAL by the defendant, The R. C. Maxwell Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 10th day of June, 1918, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*Frank C. Briggs,* for the appellant.

*Henry W. Kiralfy,* for the respondent.

PHILBIN, J.:

The plaintiff sued to recover for services rendered pursuant to a contract claimed to be set forth in a letter by defendant to plaintiff bearing date January 9, 1917. The letter states that defendant is engaging plaintiff's services for a term of three months, beginning January 8, 1917, with the proviso that if his services are not satisfactory, defendant can discontinue the contract by giving plaintiff thirty days' notice. The letter further states: " You are going to work on a commission arrangement — the amount of commission is 10% on all work turned in, if the contracts are made with the customer direct — and 5% on work turned in through agencies. Your drawing account is to be $250 per month, payable in the following manner: $60 per week. You are to defray your own expenses in connection with your selling." The letter closes by saying that it is written in duplicate, and asks plaintiff to sign one copy if it is thoroughly understood. The plaintiff signed.

The complaint alleges the making of the contract as above stated and the procuring direct of contracts for defendant aggregating $36,936; that there was due plaintiff for commissions $2,973.60 after crediting certain payments made by defendant. The answer denied the material allegations of the complaint. As a separate defense it was alleged that plaintiff was to be paid ten per cent " of all moneys paid to the defend-

ant under the contracts turned in by the plaintiff, payable *as and when the amounts due were received by the defendant.*"

Upon the trial the defendant attempted to cross-examine the plaintiff and to introduce evidence as to the understanding of the parties concerning the circumstances under which the commissions were to be paid. On the objection of plaintiff's counsel, the learned court refused to allow questions asked to that end, on the ground that although the contract was silent in that particular there was an implication of law that commissions were payable as soon as the order or contract was turned in. We think this was reversible error. While parol evidence cannot be received to contradict or vary the terms of a written agreement, yet if a part of the agreement is not reduced to writing, parol evidence may be received to show what was the *full* agreement. (*Leifer* v. *Scheinman,* 179 App. Div. 665, 667.) That was a case where a contract of employment was silent as to the time during which the employment was to continue. There was, therefore, a *prima facie* implication of law that the hiring was at will. It was held proper, however, to receive parol evidence in order to show a hiring for a year, even though such evidence tended to eliminate the implication of law. That decision is decisive of the point now raised in the present case.

It also follows that evidence of a general trade custom, in substantial accord with the special defense quoted above, would not tend to vary or contradict the terms of the full agreement between the parties. It was not necessary to plead such custom specially in order to make same available to the defendant. (*Newhall* v. *Appleton,* 114 N. Y. 140.)

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.