LIANA R. O'NEIL, Respondent, v. McKINLEY MUSIC COMPANY, Appellant.

First Department, November 7, 1919.

Contract — agreement to pay commissions — evidence amplifying but not contradicting or varying writing — testimony disclosing full agreement — practical construction placed upon contract.

In an action by an assignee upon a contract of the defendant to pay commissions alleged to be due, which contract is evidenced by a letter of the defendant stating in substance that in consideration of the assignor's suggesting and putting in operation a plan for leasing or selling phonographs, which were furnished with a specified assortment of music, the defendant was to pay a fifty per cent commission above the plaintiff's salary on moneys collected for the rental or sale of said phonograph, it was error to refuse to allow the defendant to introduce in evidence certain letters showing calculations made by the assignor and the amount and price of music to be sold with the phonograph, and also the old plan of the defendant and the new plan of the assignor, etc. Such evidence did not tend to vary or contradict the terms of the defendant's letter, but on the contrary tended to show the full agreement of the parties which was left indefinite by the letter introduced by the plaintiff.

So, too, it was error to refuse to allow the defendant to give testimony as to conversations between the assignor and the defendant's president which did not tend to vary the terms of the letter introduced by the plaintiff, but merely augmented the written evidence aforesaid tendered by the defendant.

On a new trial evidence will be admissible which shows the practical construction placed upon the agreement by the defendant and the plaintiff's assignor while working thereunder.

APPEAL by the defendant, McKinley Music Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York

on the 16th day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of January, 1919, denying defendant's motion for a new trial made upon the minutes.

*James A. Hughes* of counsel [*James J. Cuff* with him on the brief; *Young & Hughes,* attorneys], for the appellant.

*Samuel J. Rawak,* for the respondent.

PHILBIN, J.:

This is an action by the assignee of an employee against employer for commissions alleged to be due. The plaintiff relied upon the following letter addressed to her assignor and admittedly signed by the defendant:

" R. L. O'NEIL,                    " CHICAGO, *Feb.* 23, 1916.
        " New York, N. Y.:

" DEAR RAYMOND.— In consideration of your suggesting and putting into operation your plan of leasing or selling the Phonograph which is furnished with the Root Popular Music Assortment, we agree to pay you over and above your present salary of Six Thousand dollars per year, fifty per cent. of all moneys collected for said rental and sale of said phonograph after deducting our salesmen's commissions on the same. We will make a settlement with you on this Phonograph a/c at least once a year.          Yours truly,
                " McKINLEY MUSIC COMPANY.
                    " WM. McKINLEY, *Pres.*

The plaintiff alleged in her complaint that her assignor had suggested and put into operation the plan referred to in the foregoing letter. The assignor on the trial testified that he had done so and also testified as to what the plan was. Notwithstanding such testimony, when the defendant sought to introduce certain evidence, hereinafter discussed at length, in order to show its version of the plan, the trial court declined, to allow the evidence to be received. As a result, only plaintiff's version was before the court and a verdict was directed in her favor. We have reached the conclusion that reversible error was committed in thus closing the door to the defendant.

Except in barest outline, the letter of February twenty-third

gives no explanation of the assignor's plan. Nor is the meaning of the phrase " Root Popular Music Assortment " made clear. The two sheets of paper sought to be introduced in evidence by the defendant not only reveal certain calculations made by the assignor but also tend to show that the said music assortment included 950 sheets of music, 19 phonograph records, 1 phonograph, 15 wire pockets and 250 catalogues. They also tend to show that the defendant had in operation a selling plan that netted it a gross profit of thirty-one dollars and eighty-six cents and that part of that plan involved a gift of the phonograph to the purchaser of the assortment. They also reveal the new plan of plaintiff's assignor. That plan contemplated the selling or leasing of the phonograph instead of giving it away, the increase of the sale price of the assortment from seventy-six dollars to one hundred and six dollars, the increase of salesmen's commissions from ten dollars to seventeen dollars and fifty cents, the increase of defendant's profit and the dividing of the increased profit equally between the defendant and the assignor. Such evidence does not tend to vary or contradict the terms of the letter but on the contrary puts us into the position occupied by the employee and employer at the time the letter was written, defines and discloses the scope of the plan, and enables us better to understand the subject-matter of agreement. It is the claim of the plaintiff that her assignor was entitled to a commission on phonographs sold or leased irrespective of the make-up of the assortment. On the other hand, defendant claims that the sale or leasing of the phonographs was merely incidental to the sale of the assortment and that each assortment was to contain not less than 950 sheets of music. The letter in question does not make clear which contention is correct. Nor is either contention at variance with the terms of the letter. In such case it is proper that the details of the assignor's plan, as worked out by himself in writing, should be introduced in evidence in order to show the full agreement. (*Ragette* v. *Maxwell Co.*, 188 App. Div. 715; *Leifer* v. *Scheinman*, 179 id. 665.)

Defendant also sought to introduce testimony of conversations between the assignor and defendant's president. Such conversations were excluded on the ground that they

occurred prior to, or contemporaneous with, the signing and delivery of the letter of February twenty-third and were merged therein. By that ruling, the defendant was prevented from showing that the " Root Popular Music Assortment " was to be continued as an assortment of 950 sheets of music; that such assortment was thereafter in all cases to be sold at not less than $106; and that the increase to that fixed price was the inducement for defendant's promise to pay the assignor (in addition to a fixed salary of $6,000 a year) one-half of the increased profits. Such facts would not operate to vary the terms of the letter, but merely to augment the effect of the two written sheets in disclosing the full nature of the plan. The conversations should, therefore, have been admitted.

Any evidence, such as defendant's exhibits for identification B and C, which shows the practical construction placed upon the agreement by the defendant and the assignor, while the latter was working under the agreement, should also be admitted on the new trial.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.