————— MELTZER and Others, Plaintiffs, v. ————— KAMINER, Defendant.

Supreme Court, Kings County, April 14, 1927.

**Trade unions — strikes — application for injunction pendente lite in action to restrain union from calling strike against boss painters — employers executed agreements fixing amount of pay for employees belonging to union in June, 1926 — agreements contained no provision as to duration — parol evidence is admissible to fix duration of agreements — evidence indicates that contracts were to exist for one year with expiration date on June 19, 1927 — injunction pendente lite granted.**

This is an application by boss painters for an injunction *pendente lite* in an action to restrain the officers of a district council of the brotherhood of painters from calling a strike. It appears that in June and July, 1926, the employers called at the office of the district council and executed an agreement fixing the wage scale. The contracts contained nothing as to their duration, and since parol evidence is admissible to fix the duration of a contract, where the contract is silent as to time, the duration of these agreements may be fixed by parol testimony. Notwithstanding the fact that the officers of the union and several boss painters filed affidavits denying the understanding as to the duration of the contracts, there is evidence sufficient to warrant a finding that there was a very definite agreement and understanding by which the new contracts were to exist for one year, and as the date of expiration for the old contracts was fixed as June 19, 1926, it may be assumed that all other contracts which were made in June, 1926, or thereafter, expired on June 19, 1927.

Since great loss and irreparable damage will come to the employers as the result of the strike in violation of their contracts with individual members of the district council, a temporary injunction will issue enjoining a strike pending the trial of the action, but not beyond the 19th day of June, 1927.

Motion by plaintiff for an injunction *pendente lite.*

*Ernest P. Seelman,* for the plaintiffs.

*Louis Newman,* for the defendant.

Callaghan, J. This action was brought by a large number of boss painters to restrain the officers of District Council No. 29 of the Brotherhood of Painters, etc., from calling a strike. Most of the parties who are plaintiffs in this action or who have petitioned to come in as parties plaintiff had a contract with the district council which governed the rate of pay, etc., of men who were members of that council. Those contracts had, in some instances, run for three years. On or about June 5, 1926, the district council, through its officers, notified the employers that the agreements would expire on June 19, 1926. Those agreements specified no time of duration. During the months of June and July each of the employers called at the office of the district council and signed an agreement slightly different from the ones theretofore in existence and fixed the rate of pay at twelve dollars per day. When these agreements were signed, the employers were compelled to pay a fee of ten dollars to the district council to cover the expense of preparing and attending to the execution of the agreements. There was nothing said in the contract about the time of its expiration. It is now claimed by the plaintiffs that the duration of the contract may be fixed by parol without offending the rule against varying the terms of a written contract. That parol evidence is admissible to fix the time of the duration of a contract when the contract is silent as to time is no longer open to debate. (*Leifer* v. *Scheinman,* 179 App. Div. 665; *Hirt* v. *Mayer,* 183 id. 930.) So the disposition of that aspect of this motion depends upon a determination of the question whether there was such an understanding or agreement. By section 210 of the constitution of the Painters, Decorators and Paperhangers of America, it is provided that, wherever possible, local unions shall make yearly agreements with their employers governing the hours of work, scale of wages, etc. A very large number of affidavits have been submitted here by the persons who signed the agreement stating that, when the signer called at the office of the local union, he inquired in some instances of the president and of the secretary how long the agreement would remain in force and in each instance was advised that its duration would be one year. It is not difficult to understand the reason for the boss painters asking such questions. It was a matter of great importance to them to know when they would be called upon again to sign a like agreement. Besides, it is not unreasonable to infer that they wanted to have some assurance of how long they might depend

upon their employees working without making other demands. Upon the amount which they were compelled to pay their employees depended the contracts which they would make for various work upon which they were called to perform, and, although the officers of the union and a number of boss painters have filed affidavits denying that such an understanding was had, I am led to the conclusion that there was a very definite agreement and understanding by which the new contracts were to exist for one year, and, as the date of expiration for the old contracts was fixed as June 19, 1926, it may be assumed that all the other contracts, whether made in June, 1926, or thereafter, expired on June 19, 1927. Apparently all were satisfied, and work was carried on under that agreement until March 15, 1927, when the boss painters received a " strike notice," by which they were informed that, unless they were prepared to sign a new agreement, to take effect April 4, 1927, and to pay fourteen dollars a day to painters, etc., that the members of the local union would not be permitted to work and a strike would be called. It is to prevent the officers of the district council from calling a strike in violation of the written agreement between the employers and the local that this action is brought. This motion is for temporary relief pending the trial of the action. This aspect of the motion may be disposed of upon very well-settled principles of law. It is easy to understand how great a loss and irreparable damage will come to the employers as a result of a strike in violation of the agreement. Many of them have made contracts, based upon the agreement, by which they have to pay their men only twelve dollars a day. The present time is the busy season of the year for the painters' business. A time to call a strike and to demand additional pay could not have been better selected. It is not unreasonable, therefore, that the local, which represents as agent each of its members, be restrained from calling the strike in violation of the written agreement.

It is within the right of any man to cease work whenever he likes, but the determination to quit work must be his and not that of another. It matters not whether the agreement between the local and the employers was one which might be terminated at will or at the end of the year, the rule would apply with equal force. (*Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229, 251.) A contract creates property rights. Those rights may not be taken away from a party to the contract unless by his consent or through his own default or his failure to comply with the terms thereof. These plaintiffs desire to continue under the contract until its termination. The local council has expressly provided that work would continue uninterruptedly as long as the agreements were lived up to by the

employers. No cause is shown for the termination of the agreement, except the desire for an increased wage, and, while that may be desirable from the standpoint, both of the local union and its members, they should not be permitted to disregard the obligations of their contract to the great detriment of these plaintiffs when the contract has been fully performed by the plaintiffs. (*Altman* v. *Schlesinger*, 204 App. Div. 513; *Schlesinger* v. *Quinto*, 201 id. 487.) The granting of the relief asked for here is not a mere gesture. If the members of this local perform services in violation of the orders of the officers of the local, they will be in bad standing in the union and subject to the penalities prescribed thereby. If a strike may not be called by reason of the intervention of the court, the men may continue to work if they please without the danger of suffering the penalties provided in the event of their failure to follow the commands of the officers of the local.

The order to be entered hereon will enjoin the officers of the local district council from calling a strike pending the trial of this action, but not beyond the 19th day of June, 1927. Settle order on two days' notice.