Capital City Surety Company, Respondent, *v.* Henry H. Lazarus, Appellant.

First Department, December 2, 1927.

Contracts — validity — oral agreement made contemporaneously with written agreement — defendant entered into agreement to pay premiums and indemnify plaintiff against losses on bonds written by agent — said agreement did not specify term of duration — evidence was properly admitted as to oral agreement that written agreement might be terminated on notice — written agreement being indefinite as to duration was one at will — testimony that notice was given terminating agreement and testimony by defendant that notice was not received was furnished by interested witnesses — question for jury was presented and it was error to direct verdict.

In an action to recover on a written guaranty whereby the defendant agreed to pay the premium upon bonds written by an agent of the plaintiff and to indemnify the plaintiff against all losses, evidence was admissible to show that the parties had agreed orally that the contract might be terminated at any time upon notice, and that the defendant notified the plaintiff prior to the time the bonds in question were written that he would not be liable on any further bonds. Since the written agreement in this case did not specify the term of its duration, the oral agreement in question did not vary the terms of the written agreement but was a collateral agreement touching a matter not covered by the written agreement, and, therefore, proof of the oral agreement was admissible.

Furthermore, the written agreement was one at will, since no term of duration was specified therein and, therefore, the defendant had the right to terminate it at any time upon proper notice given to the plaintiff.

Upon the question of the giving of notice, the testimony by the defendant that notice was mailed and by the plaintiff that it was not received was furnished by interested witnesses, and, therefore, a question of fact was presented for the jury, and it was error for the court to direct a verdict for the plaintiff.

Appeal by the defendant, Henry H. Lazarus, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1927, upon the verdict of a jury rendered by direction of the court.

*Frank J. Rinaldi* of counsel, for the appellant.

*Abraham J. Halprin* of counsel, for the respondent.

Finch, J. This appeal presents the question of the validity of an oral agreement made contemporaneously with a written agreement providing a method of cancellation of the written agreement where the latter has no fixed term and prescribes no manner of cancellation. This appeal is from a verdict directed by the court.

The facts, in so far as necessary to show the grounds for the

decision, briefly are as follows: The plaintiff is a surety company executing, for premiums, bail bonds in criminal cases or proceedings. It executed a power of attorney to one Martini authorizing him to execute bail bonds as its agent, in consideration whereof the defendant agreed to pay the premium upon such bonds and to indemnify the plaintiff against all losses by reason of its execution thereof. The complaint alleges the execution by Martini of two certain bail bonds, the forfeiture of the bonds and the entry of judgments against the plaintiff, the surety, and the payment of the same. This action is to recover upon the indemnity agreement. The answer denies the execution of the two bail bonds pursuant to the terms of the agreement of indemnity and alleges, as a separate defense, that contemporaneously with the execution of the agreement of indemnity plaintiff and defendant orally agreed that defendant at any time might give notice of his intention to terminate the agreement of indemnity and that the defendant thereupon would be released from all liability with respect to any bonds written subsequent to such termination of the indemnity agreement. The defendant alleges further that in February, 1925, he notified the plaintiff that he would not thereafter be liable for any further bonds written by Martini and that the bail bonds which are involved in the suit were written long after the giving of such notice. The learned court refused to permit the defendant to give evidence of the oral agreement upon the ground that any such would be merged in the written agreement. The defendant also asked to go to the jury on the question of fact as to whether or not the notice of termination was sent. This motion likewise was denied, the learned court holding that such a notice was immaterial since there was no provision in the indemnity agreement providing for its termination. Evidence of the oral agreement was improperly excluded. The indemnity agreement was silent as to its duration. The oral agreement, therefore, did not vary the terms of the written agreement, nor was it merged therein. It was a collateral agreement on a matter not covered in the original agreement. Proof of such contemporaneous agreement was, therefore, admissible. (*Leifer* v. *Scheinman*, 179 App. Div. 665; *Ragette* v. *Maxwell Co.*, 188 id. 715.) Moreover, approaching the matter from another angle, since the agreement of indemnity provided for no duration, it was, therefore, a contract terminable at the will of either party upon notice. In *Bailey* v. *Stafford, Inc.* (178 App. Div. 811, 815), PAGE, J., writing for the court, said: " When a contract is not limited as to the time of its duration, it is terminable at the will of either party, upon giving a reasonable notice to the other." The alleged oral agree-

ment, therefore, providing a method for the cancellation of the indemnity agreement, if found to have been made and to have been complied with, would be a defense to the action. In order to show compliance, the defendant and his wife testified that a letter of termination, properly addressed and duly postpaid, was mailed to the plaintiff. The plaintiff denied the receipt of this letter. The testimony concerning both the mailing of the notice and the denial of its receipt was through interested witnesses, and hence presented an issue for the jury. (*Eppens, Smith & Wiemann Co.* v. *Littlejohn,* 164 N. Y. 187, 194; *Lounsbury* v. *Knights of Maccabees,* 128 App. Div. 394; affd., 199 N. Y. 573.) A directed verdict, therefore, cannot stand.

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.