MAXWELL LASKEY, Appellant, *v.* RUBEL CORPORATION, Respondent.

Argued May 21, 1951; decided July 11, 1951.

*Arthur Block* for appellant. I. A written contract merges within it any oral agreements or oral discussions had or made prior thereto. (*William H. Waters, Inc.,* v. *March,* 240 App Div. 120; *Gangi* v. *Fradus,* 227 N. Y. 452.) II. The writing lacks the element of mutual assent and does not express the result of the meeting of the minds of the parties. (*Whipple* v. *Brown Bros. Co.,* 225 N. Y. 237.) III. Pure questions of fact were submitted to the jury for its determination and were resolved in favor of plaintiff. (*Maxwell* v. *Peters Co.,* 219 N. Y. 597.) IV. The verdict of $3,000 is in accordance with the evidence and the law and the Appellate Division erred in its reversal. (*Davis* v. *Dodge,* 126 App. Div. 469; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205; *Hollwedel* v. *Duffy-Mott Co.,* 263 N. Y. 95.)

*Sol H. Yellin* for respondent. I. Admission of parol evidence contradicting the express provisions of the written employment agreement was prejudicial error. (*Hendricks* v. *Clements,* 195 App. Div. 144; *Piretti* v. *Firestone Tire & Rubber Co.,* 120 N. Y. S. 782.) II. Assuming that plaintiff's oral evidence contradicting the express provisions of the written agreement was admissible, a finding that an oral promise was made was unjustified, as it was against the weight of the credible evidence. (*Tucker* v. *O'Brien,* 117 N. Y. S. 1010; *Banker* v. *Haynes Stellite Co.,* 135 Misc. 452; *Hildebrand* v. *Hempstead Mach. Works,* 246 App. Div. 756; *Low* v. *Dyer,* 196 App. Div. 346.)

FULD, J. This case involves the application of the parol evidence rule to a contract partly oral and partly in writing.

According to plaintiff, he and defendant entered into an oral contract of employment, pursuant to which it was agreed that plaintiff was to be employed for a year, at a stipulated weekly salary plus expenses, to act as a sort of sales manager of defendant's branch office. Defendant, acknowledging a contract of employment, denied that it was for a year and pointed to a paper, entitled " TERMS AND CONDITIONS OF EMPLOYMENT ", which was signed by plaintiff and which — while silent as to duties and salary — explicitly provided that the " employment shall be terminable, at any time, at the option of the Company." The document concluded with the paragraph that " The undersigned has read the foregoing and understands and agrees to all the terms and conditions therein contained."

Dismissed two weeks after he started work, plaintiff sued for wrongful discharge. The jury — instructed to decide the question as to whether the hiring was for a year or was terminable at will — returned a verdict in plaintiff's favor for $3,000. Upon appeal from the resulting judgment, the Appellate Division reversed and dismissed the complaint " on the law ".

It is well settled that, where parties have reduced their bargain, or any element of it, to writing, the parol evidence rule applies to prevent its variance by parol evidence. If, therefore, the agreement is partly oral and partly written, parol evidence, while admissible to complete the written portion or to resolve some ambiguity therein, may not be used to vary or contradict its contents. (See, e.g., *Thomas* v. *Scutt*, 127 N. Y. 133, 138; *Beattie* v. *New York & Long Is. Constr. Co.*, 196 N. Y. 346, 355; *Newburger* v. *American Sur. Co.*, 242 N. Y. 134, 142; *Apparel & Accessories Associates* v. *New York World's Fair 1940*, 176 Misc. 26, 27, affd. 261 App. Div. 944, motion for leave to appeal denied 286 N. Y. 733; see, also, 3 Williston on Contracts [Rev. ed., 1936], § 633, pp. 1820–1822; § 636, pp. 1830–1832; Restatement, Contracts, § 239; Strahorn, The Unity of the Parol Evidence Rule, 14 Minn. L. Rev. 20, 35–37; but cf. Corbin, The Parol Evidence Rule, 53 Yale L. J. 603, 627–628.) In the *Thomas* case (*supra,* 127 N. Y. 133), the court pointed out that, if the writing be incomplete, parol evidence may be admitted,

" not to contradict or vary, but to complete the entire agreement of which the writing was only a part " (p. 138). And Williston sums up the applicable principle in this way (*op. cit.,* Vol. 3, § 636, pp. 1830–1832):

" The parol evidence rule assumes agreement upon the writing in question as a complete statement of the bargain, that is, as an integration. If the parties never adopted the writing as a statement of the whole agreement, the rule does not exclude parol evidence of additional promises.

" It should be observed, however, that a writing though incomplete may, nevertheless, be adopted as the expression by the parties of that portion of their agreement to which it relates. Accordingly, if a contract is even partially reduced to writing, the written portion is no more subject to contradiction by parol than the entire contract would be had it been wholly reduced to writing.''

The same rule applies, of course, to employment cases. (See, e.g., *Hendricks* v. *Clements,* 195 App. Div. 144, 149–150; *Leifer* v. *Scheinman,* 179 App. Div. 665, 667.) In the *Leifer* case (*supra,* 179 App. Div. 665), for instance, the writing dealt with the salary to be paid plaintiff, but not with his duties or with the period of his employment. In a suit for damages for an alleged wrongful discharge, he sought to show that the hiring was for a year. In holding that such evidence was properly admitted since it did not contradict any element of the bargain as reflected in the writing, the Appellate Division wrote that, " while parol evidence cannot be received to contradict or vary the terms of the contract,'' it may be received — if there was some part of the agreement not embodied in the writing — to supply omitted items and to show the full agreement (p. 667).

The case before us falls squarely within the compass of those decisions, for the writing signed by plaintiff is in no sense a mere memorandum or note to which the parol evidence rule does not apply. (Cf., e.g., *Friedman & Co.* v. *Newman,* 255 N. Y. 340, 344; *Mesibov, Glinert & Levy, Inc.,* v. *Cohen Bros. Mfg. Co.,* 245 N. Y. 305, 313; also, 9 Wigmore on Evidence, § 2429, pp. 95–96.) Here, we have a written instrument which deals with the duration of plaintiff's employment and another item not here relevant. Since there was thus reduced to writing by the parties a

particular segment of their bargain, parol evidence was permissible to fill in the other elements and complete the agreement but not to contradict the expressed provision that plaintiff's employment was " terminable, at any time ", at the employer's option.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment affirmed.