Stoddart, J.
Both parties apply for summary judgment in an action for breach of contract of employment.
The plaintiff, an attorney, was employed by the defendants, a firm of attorneys, on January 4, 1952. The agreement was in writing. It consisted of two letters, according to the complaint —-one letter containing the defendants’ offer of employment and the second letter the plaintiff’s acceptance. In the defendants’ letter it is written, “ You would start as an employee of the firm at $650.00 per month and additional compensation to you would depend upon what developed through your efforts either in the form of new business or your handling of firm business. ’ ’
The plaintiff alleges that ‘ it was the policy of defendants to pay twenty-five (25%) percent, to all associates of said defendants, of all fees paid by clients brought in by said associate, and upon information and belief said policy continued during plaintiff’s tenure of employment.” He contends that the agreement was entered upon the understanding that the plaintiff would benefit by that policy. It is also the contention of the plaintiff that the defendants agreed to compensate him in “ a reasonable amount for the satisfactory handling and successful conclusion of cases entrusted to plaintiff’s care, said compensation to be exclusive of the monthly salary and that compensation resulting from fees of clients brought to the firm by plaintiff.” Judgment is sought for 25% ($3,106.25) of the fees received by the defendants from clients of the plaintiff, and for additional compensation ($11,000) for services rendered by the plaintiff for defendants ’ clients.
Not only do the papers submitted not establish the existence of any uniform custom or policy by the defendants to pay a percentage to all associates of the defendants, but the plaintiff admits in his examination before trial that at the time of his employment ‘ no commitment ’ ’ was made ‘ ‘ about additional compensation for working on firm’s business ” and he further admits that prior to his employment he had no knowledge of the policy of the defendants whereunder 25% was paid to associates on business brought into the firm by them. In Matter of Gerseta Corp. v. Silk Assn. of America (220 App. Div. 293, 295) it is written: ‘ A custom, in order to become a part of a contract, must be so far established and so far known to the parties, that it must be supposed that their contract was made in reference to it. For this purpose the custom must be established, and not casual — uniform and not varying — general and not personal, and known to the parties.’ ” (See, also, Belasco Theatre Corp. v. Jelin Productions, 270 App. Div. 202, 206, and Gough v. Davis, 24 Misc. 245, 248.) Accordingly, as it is clear that *731 the plaintiff had no knowledge of the custom and no commitment was made to him regarding additional compensation when the contract was made, the defendants did not breach the contract in failing to pay the sums demanded.
Moreover, even if it be assumed that upon a trial the plaintiff could produce evidence to show what the papers submitted do not show, namely, that it was the policy of the defendants to pay a percentage upon new business to associates, that the plaintiff knew of such custom, and that additional compensation for working on the firm’s business was warranted, such evidence under the parol evidence rule could not he introduced, for it would tend to vary or contradict the terms of the writing. (Laskey v. Rubel Corp., 303 N. Y. 69.) That exhibit clearly shows that the only agreement made with the plaintiff was to pay him $650 a month for his services.
Accordingly, as the papers submitted reveal no issue of fact and no breach of any contract by the defendants, the plaintiff’s motion for summary judgment is denied and the defendants will be granted summary judgment dismissing the complaint, even though no formal cross motion for such relief was made (Eules Civ. Prac., rule 113).
Settle order on notice.