Elbert T. Gallagher, J.
Plaintiff has brought suit upon a contract of employment. The answer sets up three affirmative defenses, the first of which alleges that the contract of employment was but one of several agreements, to some of which plaintiff was not a party, but of all of which he was aware, ‘ ‘ either as a party, participant, beneficiary, affirmer, or ratifier ’ ’ ; that the contract of employment was executed in accordance with an over-all understanding and agreement between plaintiff and the parties to all the contracts; that such contract was entered into “ on the basis of the plaintiff’s understanding, ratification and affirmance of all the matters then existing ’ ’; that plaintiff, contrary to the “ agreements, ratification, affirmance and release ”, commenced a suit in New York County, and therefore there has been a failure of consideration. The second affirmative defense alleges a breach of contract in that plaintiff has commenced the said action, contrary to the affirmance, ratification, etc. The third affirmative defense alleges fraud in that plaintiff falsely represented to defendants that ‘1 he had ratified, affirmed, approved and released all the matters then existing ”.
Before the court now is a motion by plaintiff pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice to strike the defenses on the ground that they are insufficient in law. The basis for the motion is plaintiff’s claim that proof substantiating the defenses would be inadmissible because of the parol evidence rule.
While parol evidence may not be admitted to contradict or vary the terms of a written instrument, if some part of the agreement was not covered by the writing*, such evidence may be received to show the full agreement. (Laskey v. Rubel Corp., 303 N. Y. 69; Storer v. Ripley, 282 App. Div. 950, motions for reargument and for leave to appeal denied 282 App. Div. 1061.) But if the oral agreement is so clearly connected with the prin *644 cipal transaction as to be part and parcel of it, it is subject to the rule. (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334.)
As stated by the court in the last case cited, “ Decision in each case must, of course, turn upon the type of transaction involved, the scope of the written contract and the content of the oral agreement asserted.” (P. 338.) This decision cannot be made by this court upon the papers before it, but must await a fuller explanation by the trial court.
The “ merger ” clause contained in the contract of employment is not conclusive on the question whether it constitutes the entire contract. (Storer v. Ripley, supra.) Neither does it preclude the defendants from claiming fraud in the inducement. (Sabo v. Delman, 3 N Y 2d 155.)
Motion denied. Settle order on notice.