Edgar J. Nathan, Jr., J.
Plaintiff moves for summary judgment in an action to recover the sum of $16,830.92 as damages for breach of contract. On December 30, 1959 the parties hereto entered into a written contract whereby plaintiff agreed to sell *918 and defendant agreed to buy 3,759 shares of common stock in a Venezuelan corporation for the total purchase price of $22,441.23. Upon the execution of the contract defendant paid to plaintiff the sum of $5,610.31. By the terms of the contract, the balance was to be paid on or before six months from the date of contract. Pending conclusion of the transaction, the stock was placed in escrow with an escrow agent selected by the defendant. When, more than six months after the date of contract, the balance had not been paid, plaintiff made a formal demand for the balance on defendant. Shortly thereafter, the escrow agent returned the stock to plaintiff, informing him that “ Albert Foreman has advised me that he does not wish to complete the purchase of the stock.” Plaintiff thereupon brought this action.
The only defense raised by defendant in his answer and his affidavit in opposition to this motion is that the contract between the parties was an option to purchase the stock and that the defendant could, at his option, refuse to make final payment, in which case his down payment would be forfeited and the stock would revert to the plaintiff.
An examination of the contract establishes as a matter of law that it imposes an unconditional obligation upon the defendant to buy the stock. Paragraph one of the contract states in unequivocal terms that: “ 1. The Seller hereby agrees to sell and the Buyer hereby agrees to buy ’ ’.
Nowhere in the contract is there the slightest hint of an option agreement. The bald statement by the defendant in his answering affidavit that11 it was always the understanding and agreement between us ” that this was in reality an option is not sufficient to raise a triable issue of fact. Indeed, this defense is insufficient as a matter of law, due to the operation of the parol evidence rule (Laskey v. Rubel Corp., 303 N. Y. 69 ; Restatement of Law of Contracts, § 237).
Moreover, the return of the stock to the plaintiff by the escrowee does not create an issue of fact since it is admitted that this was done at the direction of the defendant and not pursuant to demand by the plaintiff. In this regard, it is significant that the defendant was the attorney for the escrow agent. The plaintiff promptly sued on the agreement after the return of the stock and has at all times thereafter maintained that he is holding the stock for the account of the defendant.
While it is clear that no triable issue exists as to defendant’s liability, under the contract, the papers submitted do not establish the amount of plaintiff’s damages since no information has been furnished the court concerning the present value and negotiability of the stock.
*919 Accordingly, the motion is granted to the extent of striking defendant’s answer and referring this matter to Trial Term, Part II, of this court for an assessment of damages.