20-3706-cv
*Dhaliwal v. HYPR Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:     DENNIS JACOBS,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

---

AMARPREET DHALIWAL,

      *Plaintiff-Counter-Defendant-Appellant*,

    v.                                      No. 20-3706-cv

HYPR CORP., GEORGE AVETISOV,

      *Defendants-Counter-Claimants-Appellees*.

---

For Plaintiff-Counter-Defendant Appellant:     GERRY SILVER, Sullivan & Worcester LLP, New York, NY.

For Defendants-Counter-Claimants-Appellees:     JONATHAN BACH (Eric S. Olney, Jacob S. Wolf, *on the brief*), Shapiro Arato Bach LLP, New York, NY.

On appeal from the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the district court on September 30, 2020, is **AFFIRMED**.

Amarpreet Dhaliwal appeals from a judgment of the district court entered for HYPR Corp. ("HYPR") and George Avetisov (together, "Defendants") on Dhaliwal's breach of contract claim. We assume the reader's familiarity with the record.

This appeal concerns the "Hypercard Start-Up Agreement" (the "Agreement") signed by Avetisov and Dhaliwal on April 30, 2014, which provides, in relevant part:

> [Avetisov and Dhaliwal] agree to be 50/50 partners in a company that develops a platform for the storage and transfer of digital assets including, but not limited to cryptographic hashes and any other blockchain-based data. Brillx Corp. is the current legal entity that will own and fund the aforementioned project, tentatively named Hypercard, which is a 'cold' card that will allow consumers to transfer digital assets seamlessly and securely. George Avetisov is to legally transfer 50% ownership of Brillx Corp. . . ., which is currently registered to George Avetisov, to Amarpreet Dhaliwal for the payment of $1 USD. Brillx Corp. will be the entity that starts development of this project, but this agreement will also hold in the event Brillx Corp. is reincorporated or merges as the result of any capital injection. Any platform and software built on top of this project is to be considered the result and product of a combined effort on behalf of both George Avetisov and Amarpreet Dhaliwal.

App'x at 30. Within a matter of weeks of signing the Agreement, the parties' relationship fizzled. Eventually, after little to no communication, and no work product, from Dhaliwal, Avetisov assumed Dhaliwal had abandoned the project and thereafter entered into a different partnership through which HYPR was incorporated as a standalone company to develop the Hypercard, and of which no shares were provided to Dhaliwal. Three years later, Dhaliwal sued HYPR and Avetisov for breach of contract and unjust enrichment, alleging that Defendants failed to provide Dhaliwal with his share of profits from HYPR under the Agreement. Defendants brought a counterclaim for rescission based on fraudulent inducement. The district court held a bench trial from January 13 to 17, 2020. On September 29, 2020, the court found in favor of Defendants on the breach of contract claim and dismissed their fraudulent inducement counterclaim. Dhaliwal now appeals,[1] arguing that the district court (1) incorrectly interpreted the Agreement; (2) erred in finding that the Agreement was not supported by consideration; (3) erred in failing to award Dhaliwal shares in HYPR; (4) incorrectly dismissed HYPR as a nominal defendant; and, in the alternative, (5) clearly erred in making certain factual findings. We disagree.

---

[1] Defendants have not appealed the district court's dismissal of their fraudulent inducement counterclaim, nor has Dhaliwal appealed the dismissal of his claim for unjust enrichment.

"On appeal from a bench trial, conclusions of law — as well as mixed questions of law and fact — are reviewed *de novo*, while findings of fact are reviewed for clear error." *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019). Dhaliwal's appeal rises and falls with the district court's finding that the Agreement was not fully integrated. "Under New York law, where, as here, the written agreement does not contain a merger clause, the court must determine whether the agreement is integrated 'by reading the writing in light of surrounding circumstances, and by determining whether or not the agreement was one which the parties would ordinarily be expected to embody in the writing.'" *Bourne v. Walt Disney Co.*, 68 F.3d 621, 627 (2d Cir. 1995) (quoting *Braten v. Bankers Tr. Co.*, 60 N.Y.2d 155, 162 (1983)). Although the parties dispute whether the question of integration is one of fact or law, the issue is irrelevant to our decision because, under the circumstances of this case, the district court's finding of non-integration is not error under either standard. Nor did the district commit any error in considering evidence of the surrounding circumstances, including correspondence between the parties and the parties' testimony, to ascertain whether the Agreement was fully integrated and in concluding that it was not. *See id.*

Having thus determined that the Agreement was not integrated, the district court was entitled to look to extrinsic evidence to determine the full scope of the Agreement, specifically the extent of Dhaliwal's obligations thereunder. *See Laskey v. Rubel Corp.*, 303 N.Y. 69, 71–72 (1951) ("[I]f the writing be incomplete, parol evidence may be admitted, not to contradict or vary, but to complete, the entire agreement, of which the writing was only a part." (internal quotation marks omitted)); *accord Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 295 (2d Cir. 1999). And we find no error in the district court's finding that the extrinsic evidence showed that Dhaliwal had certain obligations under the Agreement—"including creating a pitch deck, providing an NDA," and "pay[ing] certain expenses"—but that Dhaliwal did not fulfill those obligations. Special App'x at 16. Therefore, as Dhaliwal failed to adduce any evidence of his performance under the Agreement, we identify no error in the district court's conclusion that he materially breached it, thereby excusing Avetisov's performance under the Agreement. *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) ("Under New York law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain [*i.e.,*] has committed a material breach."). Because Avetisov—and any other parties to the Agreement—were excused from performance, we need not reach whether the court properly dismissed HYPR as a nominal defendant. Nor need we reach the district court's alternative holding that the Agreement, even if integrated, was not supported by consideration.

\*　　　\*　　　\*

We have considered Dhaliwal's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3